UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON MCCLENON, et al., <br><br> *Petitioners*, <br><br> v. <br><br> POSTMATES INC., <br><br> *Respondent*. | ) Civil Action No. 19-cv-6415 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION TO COMPEL ARBITRATION

Petitioners file this Petition to Compel Arbitration against Respondent Postmates Inc. as follows:

### NATURE OF THE PETITION

1. Petitioners are 200 Postmates couriers who seek to arbitrate individual claims against Postmates for misclassifying them as independent contractors instead of employees. Petitioners contend that in misclassifying them, Postmates has violated the Fair Labor Standards Act, 29 U.S.C. §§ 206–07, and related Illinois and local laws.

2. Petitioners' employment agreement with Postmates—the "Fleet Agreement"—contains a sweeping arbitration provision. That provision explicitly covers any dispute regarding couriers' classification as independent contractors. It also requires Postmates to pay the fees and costs necessary to commence arbitration.

3. On May 13, 2019, in accordance with the Fleet Agreement, each Petitioner served a demand for individual arbitration on Postmates and the American Arbitration Association ("AAA").

4. On May 16, 2019, AAA determined that each Petitioner had met the requirements

to initiate arbitration with AAA, and it imposed a deadline of June 6, 2019, for Postmates to pay the filing fees necessary to commence individual arbitrations of Petitioners' claims.

5. Postmates did not make any payment by that deadline.

6. AAA imposed a second, final deadline of June 13, 2019 for Postmates to pay its fees.

7. Postmates did not make any payment by that deadline.

8. On June 21, 2019, AAA sent an email to Postmates's and Petitioners' counsel (1) confirming that each Petitioner's demand complied in all respects with AAA's requirements, and (2) closing each Petitioner's case due to Postmates's lack of payment.

9. Postmates's refusal to pay the filing fees it owes violates the Fleet Agreement and has prevented Petitioners from accessing the forum in which they may raise their claims.

10. Petitioners file this Petition to require Postmates to abide by the terms of its own Fleet Agreement.

**PARTIES**

11. Petitioners are Postmates couriers who worked in Illinois. Details for each Petitioner are listed in Exhibit A.

12. Respondent is a Delaware corporation headquartered at 201 Third Street, Suite 200, San Francisco, California 94103.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under federal law.

14. This Court has personal jurisdiction over Postmates because the employment agreements between Postmates and Petitioners were executed in Illinois, and Postmates conducts

substantial business in Illinois that gives rise to Petitioners' claims.

15. Venue is proper in this district pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because a substantial part of the of the events and omissions complained of occurred in this district.

## BACKGROUND

16. Postmates is an on-demand delivery service through which customers may order food and other items from participating merchants for delivery. Postmates pays couriers to make those deliveries.

17. Petitioners are Postmates couriers whom Postmates has misclassified as independent contractors rather than employees, in violation of federal, state, and local law.

18. Postmates's Fleet Agreement requires that all parties to the agreement arbitrate any claim arising from the agreement in accordance with AAA's procedures and rules. *See, e.g.*, Fleet Agreement, Ex. B. The agreement further requires that arbitrations be conducted individually; it does not permit any class or consolidated proceedings.

19. Postmates has enforced this broad arbitration agreement to preclude couriers from filing misclassification claims against it in court. *See, e.g.*, *Lee v. Postmates Inc.*, No. 18-cv-3421, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018) (granting Postmates's motion to compel a courier's misclassification claim to arbitration because the courier "validly consented to the Fleet Agreement and its arbitration provision").

20. On March 6, 2019, Petitioners' counsel informed Postmates that Petitioners and other Postmates couriers planned to file demands for arbitration to recover backpay and related penalties Petitioners are owed for Postmates's unlawful misclassification.

21. Petitioners' counsel offered to discuss resolving Petitioners' claims in an alternative manner, such as through mediation, but the parties could not agree on such an alternative.

22. Pursuant to Postmates's Fleet Agreement, on May 13, 2019, Petitioners' counsel served demands for individual arbitration on Postmates and AAA on behalf of Petitioners. AAA determined that each Petitioner's demand met AAA's filing requirements.

23. It is AAA's practice and policy not to commence any arbitration until the filing fees are fully paid.

24. Under the applicable Fleet Agreement, Postmates is required to pay Petitioners' arbitration filing fees.

25. On May 16, 2019, in accordance with the Fleet Agreement, AAA set June 6, 2019 as the deadline for Postmates to pay the filing fees necessary to commence arbitration for Petitioners' demands.

26. Postmates did not pay the filing fees by June 6, 2019, prompting AAA to set June 13, 2019 as Postmates's final deadline for payment. Postmates again failed to pay the filing fees by that deadline.

27. On June 21, 2019, AAA sent an email to Postmates's and Petitioners' counsel (1) confirming that each Petitioner's demand complied in all respects with AAA's requirements, and (2) closing each Petitioner's case due to Postmates's lack of payment.

28. Each Petitioner entered into an agreement with Postmates requiring that the parties arbitrate the issue of whether Petitioners are independent contractors or employees.

29. Each Petitioner and Postmates further agreed that the parties must arbitrate any threshold issues about the arbitrability of their disputes.

30. Postmates has failed to comply with that arbitration agreement because it has refused to pay the filing fees it owes under the agreement—fees that are necessary for Petitioners to begin their arbitrations.

31. Accordingly, this Court should compel Postmates to arbitrate under 9 U.S.C. § 4.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully request that this Court enter an Order requiring that:

a. Within 14 days of receiving an invoice from AAA, Postmates must pay all arbitration filing fees and arbitrator retainers necessary to proceed with each Petitioner's demand for arbitration; and

b. Postmates must pay any subsequent AAA invoices related to Petitioners' arbitrations within 14 days of receiving those invoices.

Dated: September 26, 2019

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller (#6300171)
  ack@kellerlenkner.com
Travis Lenkner (#6311545)
  tdl@kellerlenkner.com
Tom Kayes (#6315461)
  tk@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I certify that I shall cause the foregoing document to be delivered on or around September 27, 2019 by courier to Postmates Inc.'s registered agent for service of process: CT Corporation, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

Dated: September 26, 2019 /s/ Ashley Keller