# Exhibit J

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
www.gibsondunn.com

Michele L. Maryott
Direct: +1 949.451.3945
Fax: +1 949.475.4668
MMaryott@gibsondunn.com

June 10, 2019

VIA ELECTRONIC MAIL

Ms. Heather Santo
American Arbitration Association
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

Re:  Postmates, Inc. Purported Arbitration Demands (AAA Case No. 01-19-0001-2994)

Dear Ms. Santo:

I write regarding AAA's notification that unless Postmates pays $11,022,400.00 in administrative fees by June 13, 2019, it will "decline to administer" the 5,680 purported arbitration demands brought by Keller Lenkner.

All parties acknowledge that Postmates and any claimants who have conducted work on the Postmates platform and did not elect to opt out of arbitration agreed to arbitrate their claims individually, in compliance with the other requirements set forth in Postmates' Fleet Agreement, and in accordance with AAA's rules and procedures. Keller Lenkner's aggregated submissions to AAA purporting to collectively demand arbitrations on behalf of thousands of claimants meet none of those prerequisites and are an end run around the Fleet Agreement's clear terms prohibiting class, collective, or representative actions.

Because there is now active litigation regarding that issue, AAA should suspend the administration of these arbitrations pending the outcome of the litigation. The AAA Employment Rules provide that when a party to an arbitration "seeks judicial intervention with respect to a pending arbitration . . . the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court." Emp'l R. 1. Likewise, the AAA Consumer Arbitration Rules require a 30-day stay upon a party's submission for court intervention. Consumer R. 1(f). AAA's position is that because the Commercial Arbitration Rules do not explicitly provide for such a suspension, AAA may not suspend proceedings. This is incorrect for multiple reasons.

*First*, while Postmates' Fleet Agreement designates AAA's Commercial Rules as applicable to the parties' disputes, AAA has decided to apply its Employment/Workplace Fee Schedule at great cost to Postmates. AAA has also been unwilling to conduct even a cursory evaluation of claimants' claims or compliance with Postmates' Fleet Agreement before

GIBSON DUNN

Ms. Heather Santo
June 10, 2019
Page 2

seeking to assess millions of dollars of administration fees on Postmates, despite the Employment/Workplace Fee Schedule's provision that costs may be shifted in the case of arbitrations filed "for purposes of harassment or [which are] patently frivolous." Because AAA has decided to apply its Employment/Workplace Fee Schedule to these purported arbitration demands, it would be inconsistent and inherently fair to apply the Consumer Rules rather than the Employment Rules.

*Second*, even if they were applicable here notwithstanding AAA's actions to date, the Commercial Rules grant AAA absolute discretion to suspend an arbitration when fees are not paid by the deadline initially set by AAA. Comm. R. 57(e) ("Upon receipt of information . . . that full payments have not been received . . . the AAA may suspend the proceedings."). Here, because a dispute regarding the sufficiency of Keller Lenkner's purported arbitration demands is now the subject of active litigation, both parties assert that the other party has not paid the fees due by the deadline AAA set. Therefore, AAA should suspend proceedings so that the parties may resolve their dispute in court rather than declining to administer the arbitrations.

In short, AAA has been more than willing to deviate from the letter of the parties' arbitration agreements when doing so has been beneficial to claimants, but has adopted the narrowest conceivable construction of AAA's rules and procedures to apply to Postmates, at Postmates' expense. That is far from the neutrality that AAA espouses. AAA should conduct the arbitration process fairly and neutrally at all stages, and should suspend these arbitrations pending the ongoing litigation.

Please confirm by the close of business on June 12, 2019, that AAA will suspend these cases pending the outcome of the parties' litigation.

\*      \*      \*

Postmates is ready to arbitrate individual claims properly brought under the terms of each individual's Fleet Agreement and AAA's rules, but that is not what is happening here.

Postmates' Fleet Agreement prohibits any "collective action" or arbitration. Fleet Agreement ¶ 10B.ii. Claimants have exploited AAA's rules by filing a collective demand and simply referring to it as a group of "individual" demands. These demands are individual in name only: there is one operative document setting forth the claims, which offers no individual detail about *any* particular claimant; the demand is being administered by AAA as one mass arbitration in every manner except fee assessments (which if applied here would not be more than approximately $80,000); and claimants have even filed a single, collective lawsuit seeking to compel arbitration on behalf of all claimants.

GIBSON DUNN

Ms. Heather Santo
June 10, 2019
Page 3

As we have detailed in previous correspondence, the vast majority of claimants have failed to comply with AAA's filing requirements, including because they have claimed eligibility for statutory fee waivers based on a California statute that plainly does not apply. The procedural device that claimants' counsel has employed to avoid advancing their share of their clients' arbitration filing fees, as is customary in proceedings like these, on its face only applies to "consumer arbitrations." Cal. Code Civ. Proc. § 1284.3(a). But this is not a consumer arbitration, so that statute has no application here.

Finally, Postmates has serious doubts about claimants' counsel's ability to simultaneously prosecute 5,680 truly individual arbitrations. Postmates is fully prepared to proceed with—and pay its share of the filing fees for—the individual arbitration of any claimant who perfects his arbitration demand, provided that AAA can develop some type of reasonable payment plan that compensates AAA for administration costs *as cases are actually administered and prosecuted*, rather than inequitably and needlessly assessing fees for *all* cases at filing regardless of when a case will actually be able to proceed. Until that time, AAA should suspend these proceedings so that Postmates and claimants may litigate their serious disagreements on how arbitration should proceed.

Sincerely,

*[signature]*

Michele L. Maryott

cc: Ashley Keller, Esq.
    Travis Lenkner, Esq.
    Warren Postman, Esq.