# Exhibit K

# Keller | Lenkner

June 11, 2019

Ms. Heather Santo – heathersanto@adr.org
Ms. Joanne Saint-Louis – saintlouisj@adr.org
American Arbitration Association
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

<u>VIA ELECTRONIC DELIVERY</u>

Re:     Individuals v. Postmates, Case # 01-19-0001-2994

Dear Ms. Santo and Ms. Saint-Louis:

I write in response to your email requesting a response to the letter you received from Michele Maryott, counsel for Postmates Inc., on June 10, 2019.

Postmates's eleventh-hour stall tactics know no bounds. AAA correctly rejected Postmates's first attempt to escape the unambiguous terms of its own arbitration clause. Now, on the brink of missing its third filing-fee deadline, Postmates has lodged another frivolous attempt to avoid its contractual obligations. In this latest iteration, Postmates invokes inapplicable AAA rules, ignores the Fleet Agreement's unambiguous delegation clause, and, for good measure, calls into question AAA's fairness and neutrality. None of those baseless arguments or aspersions change the underlying facts: Claimants have met their filing requirements pursuant to AAA rules; any dispute over whether Claimants have met additional contractual requirements must proceed to arbitration; arbitration cannot commence until Postmates pays its filing fees; and AAA has rightly set a final deadline—some seven weeks after Claimants filed their initial demands—for Postmates to do so.

As explained below, AAA should again reject Postmates's desperate antics and reconfirm the June 13 deadline.

<u>First</u>, a straightforward review of the Fleet Agreement and AAA's rules shows that AAA correctly applied the Commercial Arbitration Rules and Employment Fee Schedule to Claimants' demands.

The Fleet Agreement provides that AAA's Commercial Arbitration Rules govern the parties' disputes. *See* 2019 Fleet Agreement §§ 10B.iv, vi.[1] And the very first Commercial Arbitration Rule, Rule 1, states that "AAA will apply the Employment Fee Schedule to any dispute between an individual employee or an independent contractor (working or performing as an individual and not incorporated) and a business or organization" where "the dispute involves work or work-related claims."[2]

---

[1] The 2019 Fleet Agreement is available at http://fleet.postmates.com/legal/agreement.
[2] The Commercial Arbitration Rules are available at https://www.adr.org/sites/default/files/CommercialRules_Web_FINAL_1.pdf.

Keller | Lenkner

Contrary to Postmates's accusation, it is not AAA that has "decided to apply its Employment/ Workplace Fee Schedule." Postmates Letter at 1. The parties made that choice through the unambiguous terms of the Fleet Agreement and the AAA rules it incorporates. There is nothing "inconsistent and inherently [un]fair" about AAA's decision to apply the parties' contract as written. *Id.* at 2. Just the opposite is so: it would be the height of unfairness to rewrite the parties' agreement merely because Postmates no longer wishes to abide by its provisions.[3]

Second, even if AAA's Employment or Consumer Rules applied to these proceedings (and they plainly do not), the provisions upon which Postmates relies do not offer the relief Postmates improperly seeks.

In support of its argument for a suspension, Postmates cites Employment Rule 1 and Consumer Rule 1(f). Employment Rule 1 states:

> If, within <u>30 days after</u> the AAA's commencement of administration, a party seeks judicial intervention <u>with respect to a pending arbitration</u> and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party <u>to obtain a stay of arbitration</u> from the court.

AAA Employment Rule 1 (emphases added). Consumer Rule 1(f) is identical to Employment Rule 1, except it provides that AAA will suspend administration for "30 days" in the same circumstances.

To be sure, Claimants sought "judicial intervention" when they moved to compel arbitration. But that is the only thing Rule 1 has in common with the current dispute. Otherwise:

- Rule 1 applies only after "the party" <u>seeking</u> judicial intervention notifies AAA that <u>it</u> has sought <u>"to obtain a stay</u> of arbitration." Here, "the party" <u>seeking</u> judicial intervention is <u>each Claimaint</u>, not Postmates. Postmates thus has no standing to invoke Rule 1. Furthermore, each Claimant seeks to <u>compel</u> arbitration, not "to obtain a stay." By its terms, Rule 1 does not apply where an aggrieved party seeks judicial recourse to force, rather than halt, arbitral proceedings.

- Rule 1 applies only where "a party seeks judicial intervention with respect to a pending arbitration." Here, there are no pending arbitrations because Postmates refuses to pay its filing fees.

- Rule 1 applies only if a party seeks judicial intervention within 30 days after AAA's "commencement of administration." Claimaints filed their motion to compel arbitration well after that date.

---

[3] Postmates is correct that AAA has not engaged in an "evaluation of claimants' claims or compliance with Postmates' Fleet Agreement." Letter at 1–2. That is because AAA cannot do so pursuant to the parties' contract, which expressly delegates all such issues to individual arbitrators. *See* 2019 Fleet Agreement § 10A.ii.

2

Keller | Lenkner

Third, even when Postmates cites the governing Commercial Rules, its argument fares no better. Postmates incorrectly interprets Commercial Rule 57(e) to authorize further delay when in fact, Rule 57 dictates the opposite result.

Rule 57(e) provides that "AAA may suspend the proceedings" when a party does not pay fees it owes. Postmates ignores the very next subsection, Rule 57(f), which states that AAA may set a deadline for the delinquent party "to make the full deposits requested." If the delinquent party fails to meet AAA's deadline, Rule 57(f) states that AAA "may terminate the proceedings."

AAA has already applied Rule 57(e) by suspending proceedings until Postmates pays the fees it owes. Consistent with Rule 57(f), AAA has imposed a deadline—June 13—by which Postmates must pay those fees. The next step under Rule 57 is not, as Postmates claims, a further stay that would reward Postmates's delinquency. If Postmates continues to refuse to pay its fees, the next step is termination of Postmates's right to arbitration.

After years of arguing that all disputes with its couriers must be arbitrated, Postmates now self-servingly insists that arbitration must be stayed so the parties can litigate. Postmates's newfound preference for judicial proceedings has no bearing on the correct application of AAA's rules, and it certainly does not justify the baseless relief Postmates now seeks.

Fourth, Claimants' counsel will meet whatever challenges are imposed by the arbitration process. Postmates has no basis to refuse to commence arbitrations because of its speculative "doubts" about how Claimants' counsel might prosecute them. If Postmates refused to litigate in court based on concerns about how opposing counsel might pursue claims against it, the court would enter a default judgment against Postmates.

Any "serious doubts" should be focused on whether Postmates will live up to the arbitration agreement it drafted. Letter at 3. Postmates says it will arbitrate, but only with any claimant who "perfects" an arbitration demand (whatever that means). *Id*. And even then, Postmates will arbitrate only "provided that AAA can develop some type of reasonable payment plan" for Postmates's fees, as opposed to charging the "inequitabl[e] and needless[]" fees that are required for all AAA arbitrations (and of which Postmates was fully aware when it drafted its arbitration clause). *Id*.

Finally, it bears repeating that Claimants met their filing requirements. Our firm provided AAA and Postmates with (1) a demand detailing the claims asserted by each Claimant and (2) a spreadsheet containing each Claimant's individualized information. We also sought hardship-based fee waivers on behalf of certain Claimants. On June 6, 2019, Ms. Santo determined that Claimants' arbitration demands complied with the AAA rules and that Claimants' fee waivers were proper. She further stated that, to the extent Postmates argues that Claimants failed to comply with any requirements of Postmates's Fleet Agreement, the Fleet Agreement dictates that those arguments must be raised in individual arbitration. Contrary to Postmates's assertion, AAA has not "deviate[d] from the letter of the parties' arbitration agreements" one iota. Letter at 2. It simply has refused to ignore the Fleet Agreement's delegation clause as Postmates requests.

That said—and without waiving the applicability of the delegation clause—Claimants have satisfied Postmates's insistence on receiving their individual information via separate but materially identical

3

# Keller | Lenkner

demands. Claimants have arranged for each Claimant's individual demand to be delivered today—by hand, in hard copy, on AAA's official demand form—to Postmates's headquarters. Nothing has changed since the demands Claimants originally filed with AAA, which AAA already determined met all requirements to institute arbitration. These new demands were sent solely to satisfy Postmates's frivolous argument that the previous demands somehow did not comply with the Fleet Agreement. As before, should Postmates continue to insist that Claimants' demands fail to meet a standard established by the Fleet Agreement, Postmates must raise that argument in individual arbitration. That cannot happen until Postmates pays its share of the filing fees so the arbitrations can commence.

\* \* \*

As it has done throughout this process, AAA should administer Claimants' demands according to its regular practices and the parties' contract. Postmates must meet its undisputed obligation to pay the filing fees necessary to initiate arbitration for Claimants' demands. Accordingly, we request that AAA enforce its deadline of June 13, 2019 for Postmates to pay the $11,022,400 in filing fees it owes.

Sincerely,

*Ashley Keller*

Ashley C. Keller

cc:     Michele Maryott – mmaryott@gibsondunn.com
        Theane Evangelis – tevangelis@gibsondunn.com
        Dhananjay Manthripragada – dmanthripragada@gibsondunn.com