# Exhibit O

| | |
|---|---|
| **From:** | Evangelis_Theane |
| **To:** | Joanne Saint-Louis_JD; "ack@kellerlenkner.com"; McKenna_Madeleine; Travis Lenkner; Warren Postman; Maryott_Michele L.; Cochrane_Thomas; Manthripragada_Dhananjay S. |
| **Cc:** | AAA Heather Santo |
| **Subject:** | RE: Individuals v. Postmates, Inc - Case 01-19-0001-2994 |
| **Date:** | Thursday, June 20, 2019 1:55:47 AM |
| **Attachments:** | image002.png |

Dear Ms. Saint-Louis,

Thank you for your email. We appreciate that AAA is trying to work out a solution to the issue of mass arbitration demands being labeled as "individual" demands in order to trigger filing fees and impose financial pressure on respondent companies like Postmates. We are certainly interested in continuing to work towards an equitable solution. Unfortunately, paying $300 per claimant (over $1.5 million in total), simply for a stay pending litigation, does not solve the problem of claimants filing *de facto* class arbitration demands under cover of an "individual demands" label.

It is clear that the purpose of claimants' counsel's purported arbitration demands is to use AAA as a tool for settlement leverage unrelated to the strength of the claims at issue. Claimants' counsel's assertion that it is capable of diligently prosecuting 5,000+ arbitrations simultaneously cannot withstand scrutiny. That is why, as you point out, claimants' counsel has been almost exclusively interested in securing invoices from AAA that assess millions of dollars in fees upon Postmates. 6/17/2019 Saint-Louis Email ("Claimants' counsel . . . does not agree that respondent should have a payment plan."). And that is why claimants' counsel is now focused not on finding a way to move the parties into arbitration, but on ensuring that AAA "confirm[s] . . . that [it] will decline to administer the cases." 6/17/2019 Lenkner Email. If claimants' counsel truly wished to have these claims heard in arbitration, they would be standing with Postmates in trying to find a way to do so that is workable for all sides.

We remain open to a solution. But we cannot agree to the one AAA proposed this week, which would offer no protection against the future assessment of $10+ million in immediately-payable fees irrespective of whether claimants intend to and actually do pursue arbitrations diligently. Any solution will have to begin with (1) claimants' filing of Postmates Fleet Agreement-compliant, substantively individual arbitration demands; (2) a determination that California Civil Code § 1284.3 does not apply to claimants' demands because these are not "consumer arbitration[s]"; and (3) a payment procedure through which arbitrations are paid for as they are actually administered and conducted. Postmates reiterates its request to suspend any ongoing proceedings pending litigation, and while such a system can be worked out.

Thank you very much for your attention to this matter.

Sincerely,
Theane


**Theane Evangelis**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 Sou h Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7726 • Fax +1 213.229.6726
TEvangelis@gibsondunn.com • www.gibsondunn.com