UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON MCCLENON, et al., | Civil Action No. 19-cv-06415 |
| Petitioners, | Honorable Mary M. Rowland |
| v. | Motion Date: December 12, 2019 |
| POSTMATES INC., | Motion Time: 9:45 a.m. |
| Respondent. | |

**RESPONDENT POSTMATES INC.'S CROSS-MOTION TO COMPEL ARBITRATION**

Respondent Postmates Inc. ("Postmates") hereby moves under Section 4 of the Federal Arbitration Act ("FAA") for an order compelling Petitioners to arbitrate their disputes with Postmates "in accordance with the terms of the contract" between the parties and in the "manner provided for in such agreement." 9 U.S.C. § 4. Postmates further moves under Section 3 of the FAA for an order staying litigation pending the completion of arbitration. 9 U.S.C. § 3.

As explained in the Memorandum filed concurrently herewith, Petitioners are subject to the Postmates Fleet Agreement, which requires them to arbitrate their disputes with Postmates in individual arbitration. The Fleet Agreement's Mutual Arbitration Provision contains an unambiguous class and collective action waiver, which provides that couriers "agree that any and all disputes or claims between the parties will be resolved in individual arbitration," and that couriers agree to "waive their right to have any dispute or claim brought, heard or arbitrated as a class and/or collective action, or to participate in any class and/or collective action, and an arbitrator shall not have any authority to hear or arbitrate any class and/or collective action."

1

Both Postmates and Petitioners have moved to compel arbitration under the Fleet Agreement, but only Postmates seeks to arbitrate in a manner that actually complies with that agreement. Despite labeling their arbitration demands as "individual" demands, Petitioners seek de facto class and collective arbitration: they filed a single grievance document with the American Arbitration Association ("AAA"), attaching a spreadsheet of names and addresses and purporting to use the same facts interchangeably to support the claims of hundreds of individuals. Petitioners have also sought to have AAA administer their claims collectively, insisting that no single arbitration can proceed until filing fees are paid on behalf of all 200 claimants. And they have sought a single order from this Court requiring the payment of AAA administrative fees in the aggregate. In reality, Petitioners' filing of hundreds of arbitration demands is a shakedown tactic designed to exert collective settlement pressure, in violation of the Fleet Agreement's class and collective action waiver.

Accordingly, pursuant to Section 4 of the FAA, the Court should enter an order: (1) requiring each Petitioner to refile their demand as an individual arbitration demand that sets forth the facts and legal theories of relief, and the amount in controversy, applicable to the particular Petitioner; and (2) requiring each Petitioner to proceed to arbitration on an individual basis—*i.e.*, without improperly invoking the benefits of class or collective arbitration, such as collective administration by AAA, conditioning the commencement of one arbitration on the commencement of all arbitrations and payment of all fees, or objecting to a payment plan that compensates AAA for arbitrations as they proceed and are prosecuted. Because Petitioners' underlying claims are subject to arbitration, the Court should also enter an order staying litigation pending the completion of arbitration. 9 U.S.C. § 3.

Postmates' Cross-Motion to Compel Arbitration is based on the Memorandum in Support of Postmates' Cross-Motion to Compel Arbitration, the Declaration of Theane Evangelis, all papers and pleadings on file with this Court in this matter, any other matters of which the Court may take judicial notice, and any oral argument of counsel.

DATE: November 29, 2019

Respectfully submitted,

/s/ *Theane Evangelis*
Theane Evangelis (*pro hac vice*)
  TEvangelis@gibsondunn.com
Dhananjay S. Manthripragada (*pro hac vice*)
  DManthripragada@gibsondunn.com
Thomas F. Cochrane (*pro hac vice*)
  TCochrane@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000

Michele L. Maryott (*pro hac vice*)
  MMaryott@gibsondunn.com
Shaun A. Mathur (*pro hac vice*)
  SMathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800

Jennifer Schilling, SBN 6256634
  JSchilling@littler.com
LITTLER MENDELSON P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654

Attorneys for Respondent Postmates Inc.

## **CERTIFICATE OF SERVICE**

I certify that I shall cause the foregoing document to be served by mail on December 2, 2019 on Petitioners' counsel of record: Ashley C. Keller, Keller Lenkner LLC, 150 N. Riverside Plaza, Suite 4270, Chicago, IL 60606.

Respectfully submitted,

/s/ *Theane Evangelis*
Theane Evangelis