UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON MCCLENON, et al., | ) |
| *Petitioners*, | ) Civil Action No. 19-cv-06415 |
| v. | ) Hon. Mary M. Rowland |
| POSTMATES INC., | ) |
| *Respondent*. | ) |

### THIRD DECLARATION OF ASHLEY KELLER

I, Ashley Keller, declare based on personal knowledge as follows:

1. I am a Partner at Keller Lenkner LLC, counsel for Petitioners in this matter.

2. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify competently thereto.

3. This declaration is submitted in support of Petitioners' Response to Respondent's Cross-Motion to Compel Arbitration.

4. In addition to Petitioners, Keller Lenkner represents thousands of Postmates couriers in California who have been misclassified as independent contractors.

5. On April 22, 2019 and May 13, 2019, Keller Lenkner filed arbitration demands with AAA on behalf of over 5,000 of those couriers, seeking to arbitrate their misclassification claims.

6. Hundreds of those demands were filed simultaneously with, and in the same format as, Petitioners' demands. *See* Decl. of Theane Evangelis, Exs. B–E, Dkt. No. 21-1.

7. As with Petitioners' demands, Keller Lenkner subsequently re-filed the California couriers' demands individually, on AAA's official demand form. Attached as Exhibit A is a true

and correct copy of one of those re-filed demands.

8. Postmates refused to pay the filing fees necessary to proceed with the California couriers' demands. In response, Keller Lenkner filed a motion to compel arbitration on behalf of those couriers. That motion is the subject of *Adams v. Postmates, Inc.*, No. 19-3042-SBA, 2019 WL 6694737 (N.D. Cal. Oct. 22, 2019).

9. Between November 27, 2019 and December 11, 2019—after AAA had administratively closed all of Petitioners' and *Adams* petitioners' arbitrations due to Postmates's failure to submit the required filing fees, Postmates's outside counsel repeatedly asked AAA to "administratively re-open" all of the *Adams* petitioners' arbitrations but proceed with only 50 of them.

10. In response, Keller Lenkner repeatedly stated that we welcomed Postmates's decision to move forward with individual arbitrations for 50 *Adams* petitioners, and had no objection to commencing those arbitrations, so long as that commencement was not conditioned on AAA holding the remaining *Adams* petitioners' demands in abeyance pending completion of the first 50 arbitrations.

11. AAA repeatedly stated that it would reopen the arbitrations of any *Adams* petitioners for whom Postmates satisfied AAA's filing-fee requirements, but that it would not reopen the arbitrations of any *Adams* petitioners for whom Postmates did not satisfy AAA's requirements.

12. Attached as Exhibit B are true and correct copies of those communications.

13. On January 7, 2020, AAA notified the parties that Postmates had paid the filing fees necessary to proceed with 50 arbitrations.

14. AAA is in the process of assigning an individual arbitrator to each of those

arbitrations.

15. On January 29, 2020, Postmates filed an answer in each arbitration. Each answer contains 40 affirmative defenses and individualized information specific to each claimant. Attached as Exhibit C is a true and correct copy of one answer.

16. Attached as Exhibit D is a true and correct copy of the transcript of this Court's October 8, 2019 presentment hearing on Petitioners' motion to compel arbitration.

I affirm that the foregoing is true under penalty of perjury under the laws of the United States.

Signed on February 4, 2020 in Chicago, Illinois

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller